Anthony Boskovich, No. 121198
Law Offices of Anthony Boskovich
28 N. First Street, 6th Floor
San Jose, California 95113-1210
policemisconduct@compuserve.com
408-286-5150

Geoffrey D. Allen
1730 Rhode Island Avenue, N.W., Suite 206
Washington, DC 20036
geoffreyallen@verizon.net
202-778-1167

Attorneys for plaintiff JAMES GRANDY

# IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GRANDY,<br>          Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br>Department of Justice<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530<br><br>          Defendant. | No. CV09-01270 FMC JTLx<br><br>COMPLAINT FOR NEGLIGENCE<br>[F.T.C.A. 28 U.S.C. 2671 et seq.] |

## JURISDICTION

1. This action arises under the Federal Torts Claims Act, 28 U.S.C. § 2671, *et seq.* Jurisdiction is conferred upon this Court by Title 28 of the United States Code, sections 1331 and 1343. The unlawful acts and practices occurred in the County of San Bernardino which is within this judicial district.

Complaint for Negligence                                                                                          Page 1

## PARTIES

2. Plaintiff JAMES GRANDY at all times herein mentioned is a prisoner at USP Victorville, Adelanto, San Bernardino County, California.

3. The UNITED STATES operates the Federal prison at Victorville, California, where the events, complained below, occurred.

## STATEMENT OF FACTS

4. Plaintiff is, and at all material times hereto was, a Federal prisoner at USP Victorville. Plaintiff was at risk of attack by other inmates, and defendants were aware of this fact.

5. There is a pervasive risk of violence against prisoners by other prisoners, and defendants were aware of this fact. The United States is required to protect its prisoners from violence pursuant to 18 U.S.C. section 4024, subdivision (a), and as part of that protection the United States segregates inmates and provides security that restrict inmates' ability to freely travel in prison. In order to restrict this freeflow of movement, the United States maintains guards and metal detectors at certain points within the institution to prevent inmates from proceeding to areas where they will become a danger to other inmates. In addition, the metal detectors prevent the transportation of weapons within the prison. A failure to maintain one's post and to allow inmates to move freely within the prison and to bypass metal detectors presents a serious and virtually certain risk of inmate violence and injury, and this was known to defendant.

6. It is common knowledge in the prison system that inmates will attempt to hide and/or "blend in" in order to commit violence against other prisoners or staff. As a result, it is manifestly unsafe to leave vacant cells unlocked where a miscreant prisoner may hide, blend in, and lay in wait.

7. On 25 November 2006, at approximately 12:44 P.M., plaintiff was in his assigned housing area, Unit 6-A.. Correctional Officers were assigned to man various posts and a metal detector that restricted access to plaintiff's unit, and to monitor and supervise inmates on the unit, and to control access to cells on that unit. In addition, on or around that date, other officers controlled the officer's culinary to ensure that knives were not smuggled from that area into other areas of the prison, including plaintiff's housing unit.

8. On the above date and time, and as a result of the failure of correctional officers, acting within the scope of their employment, to monitor properly persons entering plaintiff's housing unit, an inmate from another housing unit gained access to Unit 6-A, bypassing the metal detector at the entrance to the unit. This inmate (hereinafter referred to as the "assailant") entered with a metal knife which he had secreted from the Corrections Officers' dining room. The assailant had obtained the knife because officers failed to exercise reasonable and proper control of such knives so as to prevent them from falling into the hands of inmates. Once in plaintiff's housing unit, the assailant was able to hide in an empty cell, the door of which had been left open, and was able to lie in wait for plaintiff. The officers inside plaintiff's housing unit failed to exercise reasonable supervision of person's entering the unit and failed to secure properly cell doors inside the unit.

Complaint for Negligence    Page 3

9. When the opportunity presented itself, the assailant violently and sadistically attacked by the assailant, with the knife which had been obtained from the officers' culinary. Plaintiff was stabbed 9 times before his attacker could be subdued.

10. As a result, plaintiff suffered severe injuries, was hospitalized, and is now permanently partially paralyzed.

11. Plaintiff has exhausted his administrative remedies by filing internal grievances and appeals to various prison officials, as required by 28 U.S.C section 1346, subdivision (b).

12. Plaintiff served notice on the United States by filing a Standard Form 95 which was received by the Federal Bureau of Prisons on April 10, 2008. No final determination has been made by the Federal Bureau of Prisons as of this date. As six months have now elapsed, plaintiff may file suit.

## DAMAGES

13. As a proximate result of defendants' conduct, plaintiff suffered pain and physical injuries. As a further proximate result of defendants' conduct, plaintiff suffered severe emotional and mental distress, fear, terror, anxiety, humiliation, embarrassment, and loss of his sense of security, dignity, and pride as a citizen of the United States.

//
//
//

## CLAIM FOR RELIEF
(Negligence – Against United States)

14. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 13 of this complaint.

15. The above described acts were violations of the applicable standards of care for the operation of prisons of this type, as they relate to the control of inmate movement, supervision of inmates, and control of the possession and transportation of contraband weapons by inmates.

16. As a proximate result of defendant's negligent conduct, plaintiff suffered injuries and damages as set forth.

**WHEREFORE**, Plaintiff prays for relief as set forth.

## PRAYER

**WHEREFORE**, Plaintiff prays for relief as follows:

1. General damages in an amount no less than $1,000,000;

//
//
//
//
//
//
//

Complaint for Negligence

2. Costs of suit incurred herein; and,

3. Such other and further relief as the Court may deem just and proper.

Dated: 9 February 2009

                                **LAW OFFICES OF ANTHONY BOSKOVICH**

By: _____
      Anthony Boskovich
      Attorney for Plaintiff James Grandy

Complaint for Negligence                                                               Page 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GRANDY<br><br>PLAINTIFF(S)<br>V.<br>UNITED STATES OF AMERICA, Department of Justice<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV09-01270 FMC JTLx<br><br>SUMMONS |

TO: DEFENDANT(S): United States of America

A lawsuit has been filed against you.

Within 60 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Anthony Boskovich , whose address is 28 N. First Street, 6th Floor, San Jose, CA 95113 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: FEB 26 2009    By: LA'REE HORN
                              Deputy Clerk
                              (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                    SUMMONS                    CCD-1A