1  Anthony Boskovich, No. 121198
   Boskovich & Appleton
2  28 N. First Street, 6th Floor
   San Jose, California 95113-1210
3  policemisconduct@compuserve.com
   408-286-5150
4

5  Geoffrey D. Allen
   1730 Rhode Island Avenue, N.W., Suite 206
6  Washington, DC 20036
   geoffreyallen@verizon.net
7  202-778-1167

8  Attorneys for plaintiff JAMES GRANDY

9       **IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA**

10           **CENTRAL DISTRICT OF CALIFORNIA**

11

12 JAMES GRANDY,                          )
                          *Plaintiff,*    )     No.  CV 09-01270 JHN RZx
13 v.                                     )
                                          )     STATEMENT OF UNCONTROVERTED
14                                        )     FACTS AND CONCLUSIONS OF LAW
   UNITED STATES OF AMERICA,              )
15 Department of Justice                  )
   950 Pennsylvania Ave., NW              )     Date: 12 July 2010
16 Washington, DC 20530,                  )     Time: 2:00 P.M.
                          *Defendant.*    )     Courtroom: 790 Roybal
17 _____  )     Judge: Honorable Jacqueline H. Nguyen

18

19       After consideration of the papers in support of an in opposition to plaintiff's motion for

20 summary judgment and the oral argument of counsel, the Court determines that the following facts

21 have been established as,

22 //

23 //

24 //

25 //

26 //

27

28 Statement of Uncontroverted Facts and
   Conclusions of Law                                                        Page 1

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

# UNCONTROVERTED FACTS

1. On November 25, 2006, inmate James Grandy was attacked by inmate Chevon Wiggins on housing unit 6A at the United States Prison at Victorville in California. (Exhibit A to Declaration of Anthony Boskovich, Deposition of James Grandy, pp. 10-11, 31, 33; Exhibit B to Declaration of Anthony Boskovich, Reports of USP - Victorville regarding attack on plaintiff)

2. The Victorville U.S. Prison is a maximum security facility. (Exhibit C to Declaration of Anthony Boskovich, Deposition of Ray Raygoza, p. 43)

3. Mr. Grandy was stabbed a total of nine times in the neck, head and torso. (Exhibit A to Declaration of Anthony Boskovich, Deposition of James Grandy, p. 68)

4. Mr. Grandy suffers from serious permanent disability as a result of the attack, including, a permanent limp on his left side, an inability to run, a popping sensation in his neck, periodic locking up of his left hand,  right sided numbness  and loss of ability to feel temperature changes (resulting in burns). (Exhibit A to Declaration of Anthony Boskovich, Deposition of James Grandy, pp 68-75)

5. Mr. Grandy's injuries include damage to the left lateral half of Mr. Grandy's spinal cord at the C-5 to C-6 level. (Exhibit D to Declaration of Anthony Boskovich, Report of Dr. Herbert Joseph)

6. Mr. Grandy's injuries were proximately caused by the stabbing. (Exhibit D to Declaration of Anthony Boskovich, Report of Dr. Herbert Joseph)

7.   Mr. Grandy was a resident of housing unit 6A, where the attack occurred, and Mr. Wiggins was a resident of housing unit 4B.  (Exhibit E to Declaration of Anthony Boskovich, Interrogatory Responses of Defendant, Interrogatory 13)

8.   The sole officer on duty at the time in housing unit 6A was Ray Raygoza.  (Exhibit C to Declaration of Anthony Boskovich, Deposition of Ray Raygoza, pp.  43, 45)

9.   Mr. Grandy was not seen to do anything to provoke the attack and was not seen in possession of a weapon during it.  (Exhibit C to Declaration of Anthony Boskovich, Deposition of Ray Raygoza, pp.  73-82)

10.   After the attack, Mr. Wiggins stated that he "didn't even know who that nigger is" and based his attack simply on the basis of his belief that Mr. Grandy was a "crip."  (Exhibit B to Declaration of Anthony Boskovich, Reports regarding attack of plaintiff)

11.   Mr. Raygoza understood that the policy of the Victorville USP to permit inmates from other housing units onto housing unit 6A as long as they were searched prior to entering the unit.  (Exhibit C to Declaration of Anthony Boskovich, Deposition of Ray Raygoza, pp.  40-43)

12.   In fact, this was not the policy. The policy is and was, that inmates are not allowed on to other inmates' housing units unless they are part of a work crew.  (Exhibit F to Declaration of Anthony Boskovich, Post Orders for USP - Victorville;  Exhibit G to Declaration of Anthony Boskovich, Inmate Manual, p. 7, rule 3;   Exhibit E to Declaration of Anthony Boskovich, Interrogatory responses, Interrogatory 14; Exhibit H to Declaration of Anthony Boskovich, Deposition of Russell Allison, pp. 28-29)

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

Statement of Uncontroverted Facts and
Conclusions of Law

Page 3

13.  In fact, Mr. Wiggins did not have permission to be on Unit 6A at the time of the assault. (Exhibit I to Declaration of Anthony Boskovich, Responses to Requests for Admissions, Request 16)

14.  In his deposition, Raygoza  admitted that he did not remember what procedures were in place to ensure that only inmates housed in 6A were allowed on the unit.  (Exhibit C to Declaration of Anthony Boskovich, Deposition of Ray Raygoza, pp.  89-90)

15.  There was only one entrance in use for inmates to housing unit 6A on November 25, 2006.  (Exhibit J to Declaration of Anthony Boskovich, Deposition of Brett Jorgensen, pp 7-8)

16.  In order to get onto the unit inmates were required to pass through a standing metal detector.  (Exhibit C to Declaration of Anthony Boskovich, Deposition of Ray Raygoza, p. 55; Exhibit J to Declaration of Anthony Boskovich, Deposition of Brett Jorgensen, p. 10)

17.  Wiggins walked around the metal detector and entered the unit. Raygoza did not monitor Wiggins as he passed into the sallyport area where the metal detector was located.  . (Exhibit K to Declaration of Anthony Boskovich, Deposition of Woodie Mack Ashfield, pp.  12-22)

18.  Wiggins entered the Unit 6A unit no later that 12:00 Noon because at this time the door to the unit was secured and according to Raygoza, stayed that way until Grandy was attacked at 12:44 pm. Hence, Wiggins stayed on the unit for a minimum of about three quarters of an hour, without being detected by Mr. Raygoza.  (Exhibit C to Declaration of Anthony Boskovich, Deposition of Ray Raygoza, pp. 112-13)

Statement of Uncontroverted Facts and
Conclusions of Law                                                                                          Page 4

*Law Offices of Anthony Boskovich 28 North First Street, 6ᵗʰ Floor, San Jose, CA 95113  (408) 286-5150*

19.  Officer Raygoza had the responsibility to make sure that an unauthorized person did not enter housing unit 6A.  (Exhibit C to Declaration of Anthony Boskovich, Deposition of Ray Raygoza, p. 87)

20.  It was Officer Raygoza' s responsibility to make sure that persons entering the unit passed through the metal detector.  (Exhibit C to Declaration of Anthony Boskovich, Deposition of Ray Raygoza, p. 87)

21.  Officer Raygoza  did nothing to ensure only 6A residents remained on unit after the front door was secured.  (Exhibit C to Declaration of Anthony Boskovich, Deposition of Ray Raygoza, p. 69)

22.  Officer Raygoza did not know inmate Wiggins prior to the attack.  (Exhibit C to Declaration of Anthony Boskovich, Deposition of Ray Raygoza, p. 44)

23.  There was a picture board on the unit, on the day of the incident,  through which all inmates actually housed on the unit could be identified.  (Exhibit C to Declaration of Anthony Boskovich, Deposition of Ray Raygoza, p. 89)

24.  Moreover, the United States admits that the weapons that were recovered after the attack were metal and would have set off the metal detector had someone passed through it with those weapons.  (Exhibit I to Declaration of Anthony Boskovich, Responses to Requests for Admissions, Request 12)

Law Offices of Anthony Boskovich 28 North First Street, 6ᵗʰ Floor, San Jose, CA 95113  (408) 286-5150

25.  The U.S. also admitted that the metal detector was working normally on November 25, 2006.  (Exhibit I to Declaration of Anthony Boskovich, Responses to Requests for Admissions, Request 8)

26.  Plaintiff's prison expert, Joseph McGrath opines that Officer Raygoza violated the applicable national  standard of care with respect to this incident and that those violations were the proximate cause of Mr. Grandy's injury.  (Exhibit L to Declaration of Anthony Boskovich, Report of Joseph McGrath)

27.  Assault data from Victorville, USP shows a significant history of  armed inmate on inmate assaults.  (Exhibit M to Declaration of Anthony Boskovich, Assault Reports)

**CONCLUSIONS OF LAW**

1.  By failing to monitor properly the entrance way to Unit 6A at the Victorville U.S.P on November 25, 2006, Officer Raygoza,  an employee of defendant,  acting within the scope of this employment violated the national standard of care applicable to such persons working in such facilities.

2.  Such negligent acts were a proximate cause of the stabbing of James Grandy which occurred on that date.

//
//
//
//

Statement of Uncontroverted Facts and
Conclusions of Law                                                                                    Page 6

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

3.  Such negligent acts were also a proximate cause of plaintiff's injuries.

Dated: _____

_____
Judge of the United States District Court