# EXHIBIT E

```
 1  GEORGE S. CARDONA
    Acting United States Attorney
 2  LEON W. WEIDMAN
    Assistant United States Attorney
 3  Chief, Civil Division
    IRA A. DAVES
 4  Assistant United States Attorney
    California Bar Number 156724
 5       Federal Building, Suite 7516
         300 North Los Angeles Street
 6       Los Angeles, California 90012
         Telephone: (213) 894-2443
 7       Facsimile: (213) 894-7819
         E-Mail: Ira.Daves@usdoj.gov
 8
 9  Attorneys for Defendant United States of America
```

RECEIVED
NOV [illegible] 2009

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| JAMES GRANDY, | NO. CV 09-1270-FMC(JTLx) |
| Plaintiff, | **DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

PROPOUNDING PARTY:   PLAINTIFF

RESPONDING PARTY:    DEFENDANT

SET NO.:             ONE

1  has no personal knowledge as to the source of the weapons
2  recovered from Chevon Wiggins after the incident giving rise to
3  this action.
4
5  INTERROGATORY NO. 12: Please state what security measures were in
6  place to prevent weapons such as used on plaintiff from coming
7  into the possession of inmates in November 2006.  Please produce
8  every policy or regulation which was in effect to prevent inmate
9  possession of such weapons.
10 RESPONSE TO INTERROGATORY NO. 12: In addition to the general
11 objections, Defendant objects to this interrogatory on the ground
12 that it is vague and ambiguous in that it fails to define or
13 clarify the terms "weapons" and "coming into the possession of."
14        Notwithstanding these objections, consistent with them, and
15 without waiving them, Defendant responds as follows: Defendant
16 refers Plaintiff to Defendant's Response to Plaintiff's Request
17 for Production No. 9.
18
19 INTERROGATORY NO. 13: Please identify plaintiff's assailant and
20 state what his housing unit at the facility was on November 25,
21 2006.  Please indicate the distance from his housing unit to
22 plaintiff's housing unit and how many security checkpoints the
23 assailant needed to clear before entering plaintiff's housing
24 unit.
25 RESPONSE TO INTERROGATORY NO. 13: In addition to the general
26 objections, Defendant objects to this interrogatory on the ground
27 that it assumes facts not in evidence in that it has not been
28 established that any "security checkpoints needed to be cleared,"

-11-

it is vague and ambiguous in that it fails to define or clarify the terms "needed to clear" and "security checkpoints."

Notwithstanding these objections, consistent with them, and without waiving them, Defendant responds as follows: Chevon Wiggins assaulted Plaintiff. Wiggins was assigned to Unit 4-A on November 25, 2006. Wiggins would have had to go through one sallyport with a manned metal detector in order to reach Plaintiff's unit, which was Unit 6-A. The distance between Wiggin's unit and Plaintiff's unit is approximately one-quarter of a mile.

INTERROGATORY NO. 14: Under what circumstances was plaintiff's assailant permitted to leave his housing unit and move to plaintiff's housing unit? Please provide a copy of all regulations in effect on November 25, 2006 which deal with the control of inmate movement at the facility.

RESPONSE TO INTERROGATORY NO. 14: In addition to the general objections, Defendant objects to this interrogatory on the ground that it assumes facts not in evidence in that it has not been established that any such circumstances exist.

Notwithstanding these objections, consistent with them, and without waiving them, Defendant responds as follows: No such circumstances exist, unless Plaintiff and Wiggins were on a Facility Department crew doing repairs in a housing unit. Defendant refers Plaintiff to Defendant's Response to Plaintiff's Request for Production No. 23.

INTERROGATORY NO. 15: Please state how often in the three month

```
 1              (I)  Each complainant/plaintiff and
 2              (ii) Each officer or administrative official assigned
 3                   to investigate the incident, if any;
 4         (c)  The nature, substance, and description of the incident,
 5              including any and all relevant dates; and
 6         (d)  The outcome of the incident, including each action
 7              taken and/or fine levied against one or more of the
 8              abovementioned officers.
```

9  RESPONSE TO INTERROGATORY NO. 20: In addition to the general
10 objections, Defendant objects to this interrogatory on the ground
11 that it is compound, overbroad, and unduly burdensome and
12 oppressive in that it seeks any and all discipline that is not
13 related, even tangentially, to the incident giving rise to this
14 action, is not reasonably calculated to lead to the discovery of
15 relevant admissible evidence for the same reason, and calls for
16 the identification of private information in that such
17 information is confidential and personal to a third party.
18      Notwithstanding these objections, consistent with them, and
19 without waiving them, Defendant responds as follows:  No.
20
21 Dated: November 12, 2009        GEORGE S. CARDONA
                                   Acting United States Attorney
22                                 LEON W. WEIDMAN
                                   Assistant United States Attorney
23                                 Chief, Civil Division
                                   Attorneys for Defendant
24
                                   
25                                 _____
                                   IRA A. DAVES
26                                 Assistant United States Attorney
                                   Attorneys for Defendant
27
28

VERIFICATION

I, Sherie Santa, declare as follows:

I am a Legal Instruments Examiner, United States Penitentiary, Victorville, California. I have read and reviewed the facts set forth in Defendant United States' Response to Plaintiff's First Set of Interrogatories and aver that they are true and correct to the best of my knowledge.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct and that this verification was executed on November 12, 2009 at Victorville, California.

*Sherie Santa* (signature)