# EXHIBIT I

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
IRA A. DAVES
Assistant United States Attorney
California Bar No. 156724
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California  90012
    Telephone:  (213) 894-2443
    Fax:        (213) 894-7819
    E-Mail: Ira.Daves@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAMES GRANDY,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | NO. CV 09-1270-JHN (JTLx)<br><br><u>DEFENDANT'S RESPONSE TO<br>PLAINTIFF'S FIRST SET OF<br>REQUESTS FOR ADMISSIONS</u> |

Responding Party:     UNITED STATES OF AMERICA

Requesting Party:     JAMES GRANDY

Set:     ONE

refer to video recordings made on November 25, 2006 and responds as follows: Denied for lack of sufficient information or belief.

REQUEST FOR ADMISSIONS NO. 7:

Such recordings have not been produced by defendant to plaintiff.

RESPONSE TO REQUEST NO.7:

In addition to the general objections, Defendant objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of relevant admissible evidence, assumes facts not in evidence, and is vague and ambiguous. Notwithstanding these objections, consistent with them, and without waiving them, Defendant responds as follows: Given Plaintiff's allegations, Defendant interprets this RFA to refer to video recordings made on November 25, 2006 and responds as follows: Admitted.

REQUEST FOR ADMISSIONS NO. 8:

The metal detector at the entrance to housing unit 6A at Victorville U.S.P. was functioning normally on November 25, 2006.

RESPONSE TO REQUEST NO. 8:

In addition to the general objections, Defendant objects to this request on the grounds that it calls for speculation and is vague and ambiguous. Notwithstanding these objections, consistent with them, and without waiving them, Defendant responds as follows: Admitted.

REQUEST FOR ADMISSIONS NO. 9:

There were no complaints made by staff that the said metal

detector was malfunctioning on November 25, 2006.

RESPONSE TO REQUEST NO. 9:

In addition to the general objections, Defendant objects to this request on the grounds that it calls for speculation and is vague and ambiguous. Notwithstanding these objections, consistent with them, and without waiving them, Defendant responds as follows: Admitted.

REQUEST FOR ADMISSIONS NO. 10:

Two weapons were recovered after the attack on plaintiff on November 25, 2006.

RESPONSE TO REQUEST NO. 10:

In addition to the general objections, Defendant objects to this request on the grounds that it is vague and ambiguous. Notwithstanding these objections, consistent with them, and without waiving them, Defendant responds as follows: Admitted.

REQUEST FOR ADMISSIONS NO. 11:

Both were metal weapons.

RESPONSE TO REQUEST NO. 11:

In addition to the general objections, Defendant objects to this request on the grounds that it is vague and ambiguous. Notwithstanding these objections, consistent with them, and without waiving them, Defendant responds as follows: Admitted.

REQUEST FOR ADMISSIONS NO. 12:

Both weapons were made of material which would cause the metal detector to detect their presence had they been passed through it on November 25, 2006.

1  RESPONSE TO REQUEST NO. 12:
2       Notwithstanding the general objections, consistent with
3  them, and without waiving them, Defendant responds as follows:
4  Admitted.
5
6  REQUEST FOR ADMISSIONS NO. 13:
7       There was video footage of the assailant entering the unit.
8  RESPONSE TO REQUEST NO. 13:
9       In addition to the general objections, Defendant objects to
10 this request on the grounds that it calls for speculation and is
11 vague and ambiguous.  Notwithstanding these objections,
12 consistent with them, and without waiving them, Defendant
13 responds as follows:  Denied for lack of sufficient information
14 or belief.
15
16 REQUEST FOR ADMISSIONS NO. 14:
17      Such video is still in existence.
18 RESPONSE TO REQUEST NO. 14:
19      In addition to the general objections, Defendant objects to
20 this request on the grounds that it calls for speculation and is
21 vague and ambiguous.  Notwithstanding these objections,
22 consistent with them, and without waiving them, Defendant
23 responds as follows:  Denied for lack of sufficient information
24 or belief.
25
26 REQUEST FOR ADMISSIONS NO. 15:
27      Such video has not been produced by defendant.
28 RESPONSE TO REQUEST NO. 15:
        In addition to the general objections, Defendant objects to

this request on the grounds that it calls for speculation and is vague and ambiguous. Notwithstanding these objections, consistent with them, and without waiving them, Defendant responds as follows: Admitted.

REQUEST FOR ADMISSIONS NO. 16:

Chevon Wiggins did not have permission to be on housing unit 6A on November 25, 2006.

RESPONSE TO REQUEST NO. 16:

In addition to the general objections, Defendant objects to this request on the grounds that it calls for speculation, assumes facts not in evidence, lacks foundation, and is vague and ambiguous. Notwithstanding these objections, consistent with them, and without waiving them, Defendant responds as follows: Given Plaintiff's allegations in this action, Defendant assumes that this RFA refers to Chevan Wiggins and responds as follows: Admitted.

REQUEST FOR ADMISSIONS NO. 17:

Chevron Wiggins did not have permission to be outside his housing unit at the time he attacked plaintiff on November 25, 2006.

RESPONSE TO REQUEST NO. 17:

In addition to the general objections, Defendant objects to this request on the grounds that it calls for speculation, assumes facts not in evidence, lacks foundation, and is vague and ambiguous. Notwithstanding these objections, consistent with them, and without waiving them, Defendant responds as follows: Given Plaintiff's allegations in this action, Defendant assumes

1  Notwithstanding the general objections, consistent with
2  them, and without waiving them, Defendant responds as follows:
3  Denied.

5  DATED:     March 29, 2010        ANDRÉ BIROTTE JR.
                                    United States Attorney
                                    LEON W. WEIDMAN
                                    Assistant United States Attorney
                                    Chief, Civil Division

                                    _____
                                    IRA A. DAVES
                                    Assistant United States Attorney
                                    Attorneys for Defendant