Anthony Boskovich, No. 121198
Boskovich & Appleton
28 N. First Street, 6th Floor
San Jose, California 95113-1210
policemisconduct@compuserve.com
408-286-5150

Geoffrey D. Allen
1730 Rhode Island Avenue, N.W., Suite 206
Washington, DC 20036
geoffreyallen@verizon.net
202-778-1167

Attorneys for plaintiff JAMES GRANDY

**IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES GRANDY,<br><br>          *Plaintiff*,<br>v.<br><br><br>UNITED STATES OF AMERICA,<br>Department of Justice<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530,<br>          *Defendant*. | No.  CV 09-01270 JHN RZx<br><br>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Date: 12 July 2010<br>Time: 2:00 P.M.<br>Courtroom: 790 Roybal<br>Judge: Honorable Jacqueline H. Nguyen |

**INTRODUCTION**

Plaintiff James Grandy is a federal prisoner at USP-Victorville, and was the victim of a brutal stabbing at the hands of another inmate who did not reside in plaintiff's unit. The evidence is undisputed that, despite clear procedures restricting such access, the assailant was allowed to enter the unit and bypass the metal detector, yet another violation of policy. But for this negligence by the

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113 (408) 286-5150

1   defendant, Mr. Grandy would not have been stabbed, and for this reason partial summary judgment

2   on the issue of liability should be granted.

3

4

5                      **STATEMENT OF FACTS**[1]

6

7        This case arises from an incident which occurred at the U.S. Prison in Victorville, California,

8   a maximum security facility, on November 25, 2006. Plaintiff, an inmate in that facility, was housed

9   in housing unit 6A, where he was attacked by Chavon Wiggins, also an inmate, whose housing unit

10   was 4A. The clear policy of the prison was that inmates were not allowed into other inmates'

11   housing units unless they were part of a work crew, which Mr. Wiggins was not. Mr. Wiggins

12   walked past the guard on duty, Ray Raygoza, and was allowed to by pass the standing metal detector

13   at the entrance to unit. Having gained access to the unit, Mr. Wiggins was then able to remain there

14   after the door was locked for at least forty four minutes without being detected. He then attacked

15   and stabbed Mr. Grandy in the neck, torso, and arm, inflicting several serious injuries, the most

16   serious of which, is damage to the spinal cord at the C5-C6 level. Mr. Grandy has filed suit against

17   the United States alleging that it failed, through its employee, Mr. Raygoza to provide a reasonable

18   degree of security, by failing to monitor properly the entrance way to housing unit 6A so as to

19   prevent Mr. Wiggins from gaining access to that area while armed with a knife.

20   //

21   //

22   //

23   //

24   //

25

26       [1]References to the evidence supporting these facts can be found in plaintiff's Statement of Uncontroverted Facts and Conclusions of Law.

27

28   Plaintiff's Notice of Motion and Motion for Partial Summary Judgment              Page 2

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113 (408) 286-5150

**STANDARD OF DECISION**

A party moving for summary judgment bears "the initial responsibility of informing the district court of the basis for its motion ..." (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 [106 S.Ct. 2548] (1986)) The moving party must demonstrate that no genuine issue of material fact exists for trial. (*Id.* at 322) In the case of a motion for partial summary judgment, such as in this case, "[a]n interlocutory summary judgment may be rendered on the issue of liability alone, even if there is a genuine issue on the amount of damages." (Fed. R. Civ. Proc. (hereinafter ("FRCP"), rule 56, subd. (d)(2)) The Court is required to examine all evidence in the light most favorable to the non-moving party, (FRCP, rule 56), and to determine whether there is a genuine issue for trial. (*Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir. 1999) (en banc)) "A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party." (*Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)) If such is the case, "summary judgment will not lie." (*Anderson*, *supra*, 477 U.S. at 248)

Once the moving party demonstrates that there is no genuine issue of material fact, the nonmoving party must designate "specific facts showing that there is a genuine issue of for trial." (*Celotex*, *supra*, at 324.) The nonmoving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (*Id.* at 322.)

//
//
//
//
//
//

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113 (408) 286-5150

Plaintiff's Notice of Motion and Motion
for Partial Summary Judgment

Page 3

**ARGUMENT**

**A.  THE EVIDENCE IS UNCONTROVERTED THAT DEFENDANT WAS NEGLIGENT IN ITS OPERATION OF THE PRISON CAUSING PLAINTIFF'S SERIOUS INJURIES, ENTITLING HIM TO A FINDING OF LIABILITY AGAINST DEFENDANT.**

  1.  Federal Prisoner Suits Are Permitted Under the Federal Tort Claims Act in California.

  Prisoner suits under the Federal Tort Claims Act (hereinafter "FTCA"), were recognized by the Supreme Court in *United States v. Muniz*, 374 U.S. 150, 159 (1963), in which the court decided that both the plain language of the statute and its legislative history indicated that the Federal Tort Claims Act, as codified at  28 U.S.C. sections 1346, subdivision (b) and 2671 *et seq*., could be pled by federal prisoners in claims against prison officials for injuries allegedly caused by the officials' negligence.  Under the FTCA, an individual may bring suit in federal court against the United States for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant. (28 U.S.C. § 1346, subd. (b)(1))  In California, suits against private persons arising out of negligence of prison officials are permitted.  (Cal Gov. Code § 844.6)  That statute, while establishing immunity for public entities for injuries to prisoners,  also states, in subdivision (d) that "nothing exonerates a public employee from liability for injury proximately caused by his negligent or wrongful act or omission."  Hence, it is clear, that if the United States were regarded as a private person, under California law it could be liable for negligent acts resulting in injury to a prisoner.

//

//

//

//

2.  Anticipating an argument of the defendant, the discretionary acts defense does not apply to the facts of this case.

Under the FTCA, the United States has immunity for any claim based on the exercise of a discretionary function or duty on the part of a federal employee,  even where that discretion is abused. (28 U. S. C. § 2680, subd. (a);  *United States* v. *Varig Airlines*, 467 U.S. 797, 811 (1984))   The exception covers only acts that are discretionary in nature, acts that "involve an element of judgment or choice." (*Berkovitz* v. *United States*, 486 U.S. 531,536 (1988), see also *Dalehite* v. *United States*, 346 U.S. 15, 34 (1953))  The requirement of judgment or choice is not satisfied if a "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow", because "the employee has no rightful option but to adhere to the directive." (*Berkovitz, supra*, at 536)

In this case, it is clear that Officer Raygoza had no discretion to ignore the policy of the Victorville facility that prohibited inmates from one housing unit from entering the housing unit of other inmates.   The defendant's own interrogatory answer, the inmate manual, and the Post Orders make clear that this is the policy of the institution, and no discretion is vested in guards, whose job it is to monitor entrance onto housing units, to ignore that policy or to fail to prevent unauthorized entry.   Such functions are purely ministerial.   Indeed, if the discretionary function defense were permitted under these circumstances, it would amount to absolute immunity for all federal prison guards under any circumstances, a result which does not appear to have been contemplated by the Supreme Court in either *United States v. Muniz* , *supra,* or *United States v. Gaubert,* 499 U.S. 315 (1991))

3.  The uncontroverted facts of this case establish negligence.

Under 18 U.S.C. section 4042, the Bureau of Prisons is charged with "the management and regulation of all Federal penal and correctional institutions",  and is charged with the responsibility of providing "for the protection, instruction, and discipline of all persons charged

1   with or convicted of offenses against the United States." Hence, the United States, clearly owes a

2   duty to take reasonable care in providing for the protection of persons in custody in its prisons.

3       In this case, Officer Raygoza's own deposition testimony shows that he had a totally mistaken

4   understanding of what the policy of the institution was with respect to inmate movement from one

5   housing unit to another. He stated <u>unequivocally</u> that such visits were allowed during periods of

6   open movement, as long as the inmate was searched prior to entering the unit in which he was not

7   housed. It is quite clear, from the defendant's own interrogatory answers, the testimony of Mr.

8   Allison, the contents of the Inmate Manual, and Mr. Grandy's deposition, that this was not the case.

9   Inmates were only allowed onto other person's housing units if they were part of a work crew, which

10   the United States admits Mr. Wiggins was not. Even applying Officer Raygoza's completely flawed

11   understanding of the policy however, he failed to search Mr. Wiggins when he entered housing unit

12   6A, and failed to ensure he passed through the metal detector at the entrance to the unit, even

13   though he admitted that this was part of his responsibility.

14       According to Officer Raygoza the door to housing unit 6A was locked at about noon and the

15   attack occurred at about 12:44 p.m. Hence, the attacker <u>must</u> have been on 6A, where he was not

16   permitted to be, for a minimum of about forty four minutes, and possibly longer, without being

17   noticed by Officer Raygoza. This, it is submitted, is further evidence of a failure to take reasonable

18   care to monitor who was on the unit and to make sure that only persons authorized to be there, were

19   there.

20       Plaintiff's prison expert, Joseph McGrath, who has over thirty years experience in the field

21   of corrections, has no difficulty concluding that, on these facts, Officer Raygoza's acts failed to

22   comply with the standard of care applicable to maximum security facilities, such as Victorville, USP.

23   Significantly, he finds no fault with the policies in place, which in his opinion, complied with the

24   standard of care, but rather, with the way Officer Raygoza failed to apply those standards.

25   //

26   //

27

28   Plaintiff's Notice of Motion and Motion
    for Partial Summary Judgment                                Page 6

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113 (408) 286-5150

1      4. <u>Officer Raygoza's negligence was a proximate cause of the assault.</u>

2      California applies the "substantial factor" test of legal causation.   (See *Vesely v. Sager*, 5 Cal.

3   3d 153, 163, 95 Cal. Rptr. 623, 486 P.2d 151 (Cal. 1971) ["An actor may be liable if his negligence

4   is a substantial factor in causing an injury."]).   In this case, it is respectfully submitted that  there can

5   be no reasonable dispute that Officer Raygoza's negligence was a substantial factor in bringing about

6   this assault.   Had it not been for his inattention, Chavon Wiggins would never have gained access

7   to plaintiff's housing unit and the attack could never have taken place.   Had he exercised reasonable

8   vigilance during the extended period Wiggins remained on the unit after the door was locked and

9   before the attack occurred, then there is a strong likelihood that again, the attack could have been

10  prevented.

11     Given the uncontroverted facts, therefore, but for the negligence of the defendant and its

12  agent, Mr. Grandy would not have been injured.   For this reason, the motion must be granted.

13

14

15                          **CONCLUSION**

16

17

18     Prisoner suits based on negligence are permitted in California, under the Federal Tort Claims

19  Act.   In this case, there is overwhelming evidence of negligence by Officer Raygoza who failed to

20  monitor the entrance to  the housing unit in which plaintiff was housed.   This enabled Chavon

21  Wiggins to enter the unit and brutally attack plaintiff, causing him severe injuries.   In this case, there

22  is no genuine issue of fact in dispute which could lead a fact finder to conclude anything other than,

23  Mr. Raygoza was negligent, that his negligence was not in an area where he had any discretion, and

24  //

25  //

26  //

27

28  Plaintiff's Notice of Motion and Motion
    for Partial Summary Judgment                                   Page 7

*Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150*

1   that it was a substantial factor in bringing about the assault.   Accordingly, the Court should grant

2   summary judgment to plaintiff on the issue of liability.

3

4                           Respectfully Submitted,

5

6

7                           /s/ Anthony Boskovich

8            _____

9                            Anthony Boskovich
                             Attorney for plaintiff

10

11

12                          /s/ Geoffrey D. Allen

13           _____

14                          Geoffrey D. Allen
                          Attorney for plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150*