ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
IRA A. DAVES
Assistant United States Attorney
California Bar No. 156724
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2443
    Fax: (213) 894-7819
    E-Mail: Ira.Daves@usdoj.gov

Attorneys for Federal Defendant United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAMES GRANDY, | NO. CV 09-1270-JHN(JTLx) |
|     Plaintiff, | |
|     v. | Date: July 12, 2010 |
| UNITED STATES OF AMERICA, | Time: 2:00 p.m. |
|     Defendant. | Hon. Jacqueline H. Nguyen<br>United States District Judge |

DEFENDANT'S STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Local Rule 56-2, Defendant United States of America ("Defendant") submits this Statement of Genuine Issues of Material Fact, in Opposition to Plaintiff's Motion for Partial Summary Judgment.

Facts 1 through 27 below correspond to the facts presented in Plaintiff's Separate Statement of Uncontroverted Facts.

| PLAINTIFF'S ALLEGED UNCONTROVERTED FACT | DEFENDANT'S STATEMENT |
|---|---|
| 1. On November 25, 2006, inmate James Grandy was attacked by inmate Chevon Wiggins on housing unit 6A at the United States Prison at Victorville in California. | 1. Undisputed. |
| 2. The Victorville U.S. Prison is a maximum security facility. | 2. Disputed, but immaterial. |
| 3. Mr. Grandy was stabbed a total of nine times in the neck, head and torso. | 3. The Penitentiary in Victorville was a high security facility. |

| PLAINTIFF'S ALLEGED UNCONTROVERTED FACT | DEFENDANT'S STATEMENT |
|---|---|
| 4. Mr. Grandy suffers from serious permanent disability as a result of the attack, including, a permanent limp on his left side, an inability to run, a popping sensation in his neck, periodic locking up of his left hand, right sided numbness and loss of ability to feel temperature changes (resulting in burns). | 4. Disputed as to extent of Plaintiff's injuries; dispute is immaterial to legal questions raised in Defendant's Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment ("Defendant's Motion"). Plaintiff's suffers some residual physical deficits. |
| 5. Mr. Grandy's injuries include damage to the left lateral half of Mr. Grandy's spinal cord at the C-5 to C-6 level. | 5. Disputed as to extent of Plaintiff's injuries; dispute is immaterial to legal questions raised in Defendant's Motion. |
| 6. Mr. Grandy's injuries were proximately caused by the stabbing. | 6. Disputed as to extent of Plaintiff's injuries; dispute is immaterial to legal questions raised in Defendant's Motion. Further, Defendant objects to this factual assertion as it calls for a legal conclusion. |

2

| PLAINTIFF'S ALLEGED UNCONTROVERTED FACT | DEFENDANT'S STATEMENT |
|---|---|
| 7. Mr. Grandy was a resident of housing unit 6A, where the attack occurred, and Mr. Wiggins was a resident of housing unit 4B. | 7. Undisputed. |
| 8. The sole officer on duty at the time in housing unit 6A was Ray Raygoza. | 8. Disputed but immaterial. |
| 9. Mr. Grandy was not seen to do anything to provoke the attack and was not seen in possession of a weapon during it. | 9. Undisputed for purposes of responding to Plaintiff's motion; and immaterial. |
| 10. After the attack, Mr. Wiggins stated that he "didn't even know who that nigger is" and based his attack simply on the basis of his belief that Mr. Grandy was a "crip." | 10. Undisputed for purposes of responding to Plaintiff's motion; and immaterial. |

3

| PLAINTIFF'S ALLEGED UNCONTROVERTED FACT | DEFENDANT'S STATEMENT |
|---|---|
| 11.  Mr. Raygoza understood that the policy of the Victorville USP to permit inmates from other housing units onto housing unit 6A as long as they were searched prior to entering the unit. | 11.  Disputed.  Officer Raygoza testified that, consistent with the policy prohibiting non-resident inmates from entering other housing units without authorization, inmates were not required to go to a "specific place" during an open move but could travel anywhere they wanted. (Raygoza Depo. 40:20-42:6). He further corroborated that inmates were "not supposed to" enter housing units in which they did not reside.  (Raygoza Depo. 41:18-42:6) |

4

| PLAINTIFF'S ALLEGED UNCONTROVERTED FACT | DEFENDANT'S STATEMENT |
|---|---|
| 12. In fact, this was not the policy. The policy is and was, that inmates are not allowed on to other inmates' housing units unless they are part of a work crew. | 12. Defendant objects to Plaintiff's characterization of Officer Raygoza's testimony. Further, Defendant disputes this factual statement, insofar as it suggests that there were no other legitimate grounds for inmates to enter housing units to which they did not reside. |
| 13. In fact, Mr. Wiggins did not have permission to be on Unit 6A at the time of the assault. | 13. Undisputed. |
| 14. In his deposition, Raygoza admitted that he did not remember what procedures were in place to ensure that only inmates housed in 6A were allowed on the unit. | 14. Disputed. Officer Raygoza could not recall the circumstances of Wiggins' entry into Unit 6A on the day in question. Officer Raygoza testified regarding search procedures for entering inmates. (Raygoza Depo. 113:9-15; 126:21-127:2) |

| PLAINTIFF'S ALLEGED UNCONTROVERTED FACT | DEFENDANT'S STATEMENT |
|---|---|
| 15.  There was only one entrance in use for inmates to housing unit 6A on November 25, 2006. | 15.  Undisputed. |
| 16.  In order to get onto the unit inmates were required to pass through a standing metal detector. | 16.  Disputed.  Plaintiff's own evidence does not support this factual assertion.  (*See* Exhibit F, page 11 of 24, attached to Boskovich Declaration, filed in support of Plaintiff's Motion. |
| 17.  Wiggins walked around the metal detector and entered the unit.  Raygoza did not monitor Wiggins as he passed into the sallyport area where the metal detector was located | 17.  Disputed.  Plaintiff's evidence supporting these assertions is inadmissible speculation and opinion. |

6

| PLAINTIFF'S ALLEGED UNCONTROVERTED FACT | DEFENDANT'S STATEMENT |
|---|---|
| 18. Wiggins entered the Unit 6A unit no later that 12:00 Noon because at this time the door to the unit was secured and according to Raygoza, stayed that way until Grandy was attacked at 12:44 pm. Hence, Wiggins stayed on the unit for a minimum of about three quarters of an hour, without being detected by Mr. Raygoza. | 18. Undisputed. |
| 19. Officer Raygoza had the responsibility to make sure that an unauthorized person did not enter housing unit 6A. | 19. Undisputed. |
| 20. It was Officer Raygoza's responsibility to make sure that persons entering the unit passed through the metal detector. | 20. Disputed. Plaintiff's own evidence does not support this factual assertion. (*See* Exhibit F, page 11 of 24, attached to Boskovich Declaration, filed in support of Plaintiff's Motion.) |

7

| PLAINTIFF'S ALLEGED UNCONTROVERTED FACT | DEFENDANT'S STATEMENT |
|---|---|
| 21.  Officer Raygoza did nothing to ensure only 6A residents remained on unit after the front door was secured. | 21.  Defendant objects to this factual assertion as argumentative.  It is undisputed that Officer Raygoza did not conduct an immediate census check following the open movement. |
| 22.  Officer Raygoza did not know inmate Wiggins prior to the attack. | 22.  Undisputed. |
| 23.   There was a picture board on the unit, on the day of the incident, through which all inmates actually housed on the unit could be identified. | 23.  Disputed, for lack of sufficient information or belief. |
| 24.   Moreover, the United States admits that the weapons that were recovered after the attack were metal and would have set off the metal detector had someone passed through it with those weapons. | 24. Undisputed. |

8

| PLAINTIFF'S ALLEGED UNCONTROVERTED FACT | DEFENDANT'S STATEMENT |
|---|---|
| 25. The U.S. also admitted that the metal detector was working normally on November 25, 2006. | 25. Disputed, for lack of sufficient information or belief. |
| 26. Plaintiff's prison expert, Joseph McGrath opines that Officer Raygoza violated the applicable national standard of care with respect to this incident and that those violations were the proximate cause of Mr. Grandy's injury. | 26. Undisputed and immaterial. |
| 27. Assault data from Victorville, USP shows a significant history of armed inmate on inmate assaults. | 27. Disputed, for lack of sufficient information or belief. |

Respectfully submitted,

DATED: June 21, 2010

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division


　　　　/s/
IRA A. DAVES
Assistant United States Attorney
Attorneys for Defendant

9