1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GRANDY, ) | 2:09-cv-01270-JHN-JTLx |
| ) | |
| ) | **ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT** |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

     This matter is before the Court on cross-motions for summary judgment or, in the alternative, partial summary judgment, filed by Defendant United States of America (docket no. 38) and Plaintiff James Grandy (docket no. 39). The Court has read and considered the moving, opposing, and reply documents submitted in connection with these motions. The Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Accordingly, the hearing set for July 12, 2010 is removed from the Court's calendar. For the reasons stated below, the Court DENIES both Motions for Summary Judgment.

# I.

## FACTS AND LEGAL PROCEEDINGS

The following facts are undipusted and are gleaned from the Statement of Genuine Issues filed by Plaintiff ("P SGI") and Defendant ("D SGI").

On November 25, 2006, Plaintiff James Grandy, a prison inmate, was attacked by fellow inmate Chevon Wiggins, who resided in a different housing unit within the Penitentiary. (D SGI ¶ 1; P SGI ¶ 1.) After gaining entry into Grandy's housing unit ("Unit 6A"), Wiggins stabbed Grandy multiple times in his upper torso. (P SGI ¶ 3.) The motivation for the attack stemmed from gang-related animosities within the prison. (P SGI ¶ 8; D SGI ¶ 10.) In the aftermath of the incident, prison officials recovered two metal weapons, one of which appeared to be a sharpened butter knife. (P SGI ¶ 6.)

Inmates and staff at the Penitentiary in Victorville entered general housing units, such as Unit 6A, through a "sally port" area that was monitored by one unit officer and two video cameras. (P SGI ¶ 19.) The sally port consisted of: (1) an outside door or slider that was operated by the control center, (2) a small room containing a metal detector, and (3) an inner door. (*Id*. at ¶ 20.) The unit officer on duty at Unit 6A at the time of the assault was Ray Raygoza ("Officer Raygoza"). (*Id*. at ¶ 50.) Pursuant to Bureau of Prisons ("BOP") policy and practice, inmates entering the unit through the sally port area were required to pass through the metal detector, which was manned by the unit officer on duty. (Defendant Motion at 4.) It is undisputed that Wiggins did not have prior official authorization to enter Unit 6A and was found to have been out-of-bounds when he assaulted Grandy. (*Id* at ¶ 53) It is further undisputed that Wiggins entered Unit 6A on Officer Raygoza's watch. (*Id*. at 54.) The disputed facts go to whether Raygoza properly searched Wiggins—or searched Wiggins at all—prior to his entrance to Unit 6A.

On February 26, 2009, Plaintiff filed the instant negligence lawsuit against

2

the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671. Defendant and Plaintiff have filed motions for summary judgment. (Docket nos. 38 & 39.) Opposition and reply documents have since been filed.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 allows a party against whom relief is sought to move for summary judgment on all or part of the claim. Fed. R. Civ. P. 56(b). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The moving party bears the burden of showing that the motion is properly made and supported. Fed. R. Civ. P. 56(e)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)); *see also Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000) ("In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its burden of persuasion at trial."). If the moving party meets its initial burden, the nonmoving party must then set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The substantive law governing a claim determines whether a fact is material. *T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987); *see also Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006) ("Material facts are those which may affect the outcome of the case.") (internal citations omitted). In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence
3

1  and draws all reasonable inferences in the light most favorable to the nonmoving
2  party. *T.W. Elec. Serv.*, 809 F.2d at 630–31; *see also Brookside Assocs. v. Rifkin*,
3  49 F.3d 490, 492–93 (9th Cir. 1995). The evidence presented by the parties must
4  be admissible. Fed. R. Civ. P. 56(e)(1). Mere disagreement or the bald assertion
5  that a genuine issue of material fact exists does not preclude the use of summary
6  judgment. *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989).

## III.
## DISCUSSION

**A. Legal Framework**

"A federal prisoner may maintain a claim for damages against the United States under the . . . FTCA . . . for injuries sustained as a result of fault on the part of a government employee." *Brady v. Smith*, 656 F.2d 466, 468 (9th Cir. 1981). Plaintiff alleges that because of Officer Raygoza's negligence, the United States violated a duty to Plaintiff pursuant to 18 U.S.C. § 4042, which requires the Bureau of Prisons to "provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise[.]" 18 U.S.C. § 4042(a)(2). "[W]hile a prisoner's remedy for a breach of the duties prescribed by section 4042 is an action brought pursuant to the Act, such actions still require [courts] to discover whether a private individual responsible for the care and protection of another individual would be liable pursuant to state law in the circumstances of the particular case." *United Scottish Ins. Co. v. U.S.*, 614 F.2d 188, 198 n.9 (9th Cir. 1979) (citation omitted). Here, California negligence law applies. "Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of the duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" *Corales v. Bennett*, 567 F.3d 554, 572

4

(9th Cir. 2009) (quoting *McGarry v. Sax*, 158 Cal. App. 4th 983, 994, 70 Cal. Rptr. 3d 519 (2008) (internal quotations omitted)).

**B. Contentions of the Parties**

Defendant's Motion for Summary Judgment contends that Officer Raygoza did not breach a duty of safekeeping to Plaintiff and that Wiggins' entry into Unit 6A was not the proximate cause of Grandy's injuries. Plaintiff's Motion for Summary Judgment argues that "there is no genuine issue of fact in dispute which could lead a fact finder to conclude anything other than, Mr. Raygoza was negligent, that his negligence was not in an area where he had any discretion, and that it was a substantial factor in bringing about the assault." (Pl.'s Mot. at 7–8.)

**C. Disputed Facts**

While Officer Raygoza confirmed in his deposition that it was his responsibility to make sure that an unauthorized person didn't enter Unit A, he did not recall any specific interaction with Wiggins. (Raygoza depo. at 87.) As the United States would have it, "[a]ll that is known is that Officer Raygoza permitted Wiggins entry, perhaps assuming in error that he was a resident or otherwise had official authorization or some legitimate reason to enter." (Def.'s Mot. at 8–9.) Plaintiff, however, provides a March 5, 2007 eyewitness affidavit from inmate Horatio D. Smith, which provides:

> On November 25, 2006, at approximately 1300 hours, Affiant was walking to the microwave oven which is situated west of his cell. Affiant observed the subject/assailant enter the West Unit Entry Door Slider while the Unit Officer, Ray Raygoza was posted outside of the Unit. Officer Raygoza was facing in a Northwesterly direction. The subject/assailant walked around the "METAL DETECTOR" in light of the abandon [sic] post at the entry door slider.
>
> [] The subject/assailant entered cell # 120 and waited which was unknown to the Unit Officer, R. Raygora [sic.] or stabbing victim James W. Grandy. Shortly thereafter, James W. Grandy was stabbed multiple times with a previously issued USP, Victorville kitchen utensil.

(Smith Affidavit, ¶¶ 3–4.) Defendant objects to this affidavit. First, Defendant

5

counters that because the affidavit inartfully describes Raygoza's position as "Northwesterly," it is insufficiently specific, elaborating that "Smith fails to present facts establishing where and in what direction Raygoza was supposed to stand in relation to the metal detector and entrance to the unit.  He also fails to state how long Raygoza was facing in that direction, or what he was doing at the time." (Def.'s Reply at 11.)  However, Smith's statements obviously communicate that Raygoza's inattentiveness allowed Wiggins to circumvent the metal detector.  In a footnote, Defendant also argues, without any explanation as to why, that Smith's testimony should be stricken in its entirety as vague, conclusory, lacks foundation, improperly suggestive, and speculative. *See* Fed. R. Evid. 404–405, 602, 611(a), and 701.  The foundation is clear: Wiggins directly observed the event in question.  Even if the Court were to strike Smith's speculation that Wiggins's lying in wait was unknown to Raygoza—which is uncontradicted anyway—the portion of the affidavit describing Wiggins's evasion of the metal detector still creates a triable issue.

While Smith's affidavit constitutes evidence far too slim upon which to grant Plaintiff's Motion for Summary Judgment, his potential trial testimony creates a factual dispute that defeats Defendant's claim that no duty was breached.

**D. Proximate Cause**

Defendant argues "[b]ecause the failure to prohibit Wiggins from entering Unit 6A is the only conceivable basis for finding a breach of duty, Wiggins' attack on Grandy would have to have been a foreseeable consequence of that breach, and it was not." (Defendant Motion at 17.)  "There is no doubt that prisons filled with dangerous inmates are dangerous  places . . ." *U.S. v. Ruff*, 535 F.3d 999, 1007 (9th Cir. 2008).  Defendant's characterization of a knife fight in a high security prison as a highly unusual and unforeseeable consequence of lax security is unavailing.

6

**E. The Discretionary Function Exception**

The Court also finds Defendant's reliance on the FTCA's discretionary function exception to be unpersuasive. The FTCA provides a "discretionary function exception" which provides immunity from suit for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). "In this way, the discretionary function exception serves to insulate certain governmental decision-making from 'judicial 'second guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Terbush v. U.S.*, 516 F.3d 1125, 1129 (9th Cir. 2008) (quoting *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814, 104 S. Ct. 2755, 81 L. Ed. 2d 660 (1984)). Here, there is a simple allegation that Raygoza's negligently abdicated his non-discretionary, ministerial duties. Plaintiff does not challenge the policy or the procedures employed by the prison or the decision-makers who enacted them. Defendant acknowledges that prison policy afforded "officers the discretion to conduct searches by either using pat downs or the metal detector." (Def.'s Reply at 6.) Plaintiff has alleged, and demonstrated circumstantial evidence, that Raygoza did neither. Nor does Defendant assert that Raygoza conducted either a pat-down or metal detector search of Wiggins.

|       |                                                                                    |
| ----: | :--------------------------------------------------------------------------------- |
|   1   | **IV.**                                                                            |
|   2   | **CONCLUSION**                                                                     |

## IV.
## CONCLUSION

Because triable issues remain, Plaintiff's and Defendant's Motions for Summary Judgment are hereby DENIED.

**IT IS SO ORDERED.**

DATED: July 8, 2010.

                                      Hon. Jacqueline H. Nguyen
                                      UNITED STATES DISTRICT COURT